IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| STATE EX REL. SUSAN BOGGS, *et al.*, | ) | CASE NO. 1:08 CV 2153 |
| | ) | |
| Relators, | ) | JUDGE DAN A. POLSTER |
| | ) | |
| v. | ) | |
| | ) | **ANSWER OF RESPONDENT** |
| CITY OF CLEVELAND, | ) | **CITY OF CLEVELAND** |
| | ) | |
| Respondent. | ) | |

Respondent City of Cleveland answers Relators' Complaint as follows:

**FIRST DEFENSE**

1. Denies the allegations contained in Paragraph 1 of Relators' Complaint.

2. Denies the allegations contained in Paragraph 2 of Relators' Complaint and states that the City owns Cleveland Hopkins International Airport (CHIA), that the Federal Aviation Administration (FAA) controls the operation of aircrafts at CHIA, and that 6L/24R is a new runway.

3. Denies the allegations contained in Paragraph 3 of Relators' Complaint.

4. Denies the allegations contained in Paragraph 4 of Relators' Complaint and states that runway 6L/24R is 9,000 feet long and construction work on that runway was completed in 2004.

5. Denies the allegations contained in Paragraph 5 of Relators' Complaint.

6. The City has applied and received many grants from the FAA. Without specifying which particular grant Paragraph 6 alludes to, the City cannot respond to Relators' allegations consequently, the allegations contained in Paragraph 6 are denied for lack of knowledge or information.

7. Denies the allegations contained in Paragraph 7 of Relators' Complaint for lack of knowledge or information.

8. Denies the allegations contained in Paragraph 8 of Relators' Complaint and states that the expansion of CHIA was the subject of regional debates well before 1995.

9. Denies the allegations contained in Paragraph 9 of Relators' Complaint for lack of knowledge or information.

10. Denies the allegations contained in Paragraph 10 of Relators' Complaint for lack of knowledge or information.

11. Denies the allegations contained in Paragraph 11 of Relators' Complaint.

12. Denies the allegations contained in Paragraph 12 of Relators' Complaint for lack of knowledge or information.

13. Denies the allegations contained in Paragraph 13 of Relators' Complaint.

14. Denies the allegations contained in Paragraph 14 of Relators' Complaint.

15. Denies the allegations contained in Paragraph 15 of Relators' Complaint for lack of knowledge or information.

16. Denies the allegations contained in Paragraph 16 of Relators' Complaint.

17. Denies the allegations contained in Paragraph 17 of Relators' Complaint.

18. Denies the allegations contained in Paragraph 18 of Relators' Complaint.

19. Denies the allegations contained in Paragraph 19 of Relators' Complaint.

20. Admits only that the City has received notice of some of Relators' claims against it in the 2002 filing of *State of Ohio, ex rel Susan Boggs, et al. v. City of Cleveland*, Cuyahoga Common Pleas Court Case No. CV-02-484002. Denies all other allegations contained in Paragraph 20 of Relators' Complaint.

21. Denies the allegations contained in Paragraph 21 of Relators' Complaint.

22. Denies the allegations contained in Paragraph 22 of Relators' Complaint for lack of knowledge or information.

23. Denies the allegations contained in Paragraph 23 of Relators' Complaint and states that the applicable FAA advisory circular that address airport geometry and safety contain no references to an "inner approach object free zone." The City further states the property in question is located outside FAA-defined "object free area" and "obstacle free zone."

24. Denies the allegations contained in Paragraph 24 of Relators' Complaint and states that federal standards do not prescribe a "double clear zone." The City further states the property in question falls outside the FAA recommended runway protection zone.

25. Denies, as stated, the allegations contained in Paragraph 25 of Relators' Complaint and states that the Airport Layout Plan is an illustration of existing and proposed future airport facilities that identifies properties that are proposed for acquisition.

26. Denies the allegations contained in Paragraph 26 of Relators' Complaint.

27. Denies the allegations contained in Paragraph 27 of Relators' Complaint and states that the applicable FAA advisory circular that address airport geometry and safety contain no references to an "inner approach object free zone."  The City further states the property in question is located outside FAA-defined "object free area" and "obstacle free zone."

28. Denies the allegations contained in Paragraph 28 of Relators' Complaint.

29. The City has applied and received many grants from the FAA.  Without specifying which particular grant Paragraph 29 alludes to, the City cannot respond to Relators' allegations consequently, the allegations contained in Paragraph 29 are denied for lack of knowledge or information.

30. Denies the allegations contained in Paragraph 30 of Relators' Complaint.

31. Denies the allegations contained in Paragraph 31 of Relators' Complaint.

32. Denies the allegations contained in Paragraph 32 of Relators' Complaint.

33. Denies the allegations contained in Paragraph 33 of Relators' Complaint.

34. Denies the allegations contained in Paragraph 34 of Relators' Complaint.

35. Denies the allegations contained in Paragraph 35 of Relators' Complaint for lack of knowledge or information.

36. Denies the allegations contained in Paragraph 36 of Relators' Complaint.

37. Denies the allegations contained in Paragraph 37 of Relators' Complaint.

38. Denies the allegations contained in Paragraph 38 of Relators' Complaint.

39. Denies the allegations contained in Paragraph 39 of Relators' Complaint.

40. Denies the allegations contained in Paragraph 40 of Relators' Complaint.

41. Denies the allegations contained in Paragraph 41 of Relators' Complaint.

42. Denies the allegations contained in Paragraph 42 of Relators' Complaint.

43. Denies the allegations contained in Paragraph 43 of Relators' Complaint.

44. Admits that the City has not purchased Relators' property and relocated Relators but denies that it had a duty to acquire the property or relocate Relators.

45. Denies the allegations contained in Paragraph 45 of Relators' Complaint.

46. Admits the allegations contained in Paragraph 46 of Relators' Complaint.

47. Denies all other allegations not specifically admitted in this answer.

## SECOND DEFENSE

48. Relators' Complaint fails to state a claim upon which relief can be granted.

## THIRD DEFENSE

49. Respondent City of Cleveland is entitled to all of the available statutory and common law defenses and immunities including, but not limited to, those contained in Chapter 2744 of the Ohio Revised Code.

## FOURTH DEFENSE

50. Relators have no clear legal right to the requested relief.

## FIFTH DEFENSE

51. Respondent City of Cleveland has no clear legal duty to provide Relators with the requested relief.

## SIXTH DEFENSE

52. Relators have an adequate remedy at law.

## SEVENTH DEFENSE

53. Assumption of risk.

## EIGHTH DEFENSE

54. Relators' claims are barred by the doctrines of res judicata and/or collateral estoppel.

## NINTH DEFENSE

55. Relators' claims may be barred by the applicable statutes of limitation.

## TENTH DEFENSE

56. Lack of standing.

## ELEVENTH DEFENSE

57. The City has complied will the applicable federal laws and regulations concerning the expansion of the airport.

## TWELFTH DEFENSE

58. Respondent City of Cleveland reserves the right to file Amended Answers, Affirmative Defenses, Counterclaims, and/or Third-Party Complaints as required during investigation and discovery, and as other parties indispensable to this action are identified during same

Respondent City of Cleveland prays this Court to dismiss Relators' Complaint against it with prejudice at Relators' costs.

                                        Respectfully submitted,

                                        Robert J. Triozzi (0016532)
                                        Director of Law

By:    <u>s/ Joseph G. Hajjar</u>
        Thomas J. Kaiser (0014339)
        Chief Trial Counsel
        Joseph G. Hajjar (0070039)
        Assistant Director of Law
        City of Cleveland, Department of Law
        601 Lakeside Avenue, Room 106
        Cleveland, Ohio  44114-1077
        Tel:    (216) 664-2800
        Fax:   (216) 664-2663
        E-mail:  tkaiser@city.cleveland.oh.us
                      jhajjar@city.cleveland.oh.us

        Attorneys for Respondent City of Cleveland

...


## CERTIFICATE OF SERVICE

I certify that on September 15, 2008, a copy of this Answer was filed electronically. Notice of this filing will be sent by operation of this Court's electronic filing system. Parties may access this filing through the Court's system.

A copy of this Answer was also sent by regular mail, this 15th day of September 2008 to:

Charles Bennett, Esq.
WHITENER LAW FIRM
300 Central SW, Suite 300
Albuquerque, New Mexico 87102

Attorney for Relators

        s/ Joseph G. Hajjar
        Joseph G. Hajjar
        One of the Attorneys for Respondent City of Cleveland