IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| STATE EX REL. SUSAN BOGGS, *et al.*, | ) | CASE NO. 1:08 CV 2153 |
| | ) | |
| Relators, | ) | JUDGE DAN A. POLSTER |
| | ) | |
| v. | ) | **BRIEF IN SUPPORT OF** |
| | ) | **RESPONDENT'S MOTION** |
| CITY OF CLEVELAND, | ) | **TO DISMISS** |
| | ) | |
| Respondent. | ) | |

Respondent City of Cleveland respectfully submits this brief in support of its motion to dismiss.

**I.     BACKGROUND**

   **A.     The New Action**

On August 1, 2008, Relators Susan Boggs, Fouad Rachid, Nicole Rachid (a minor), and Fouad, Inc. filed this Mandamus action seeking to compel the City of Cleveland to commence appropriation proceedings—under the 5th Amendment to the United States Constitution, the Ohio Constitution, and other applicable laws[1]—to acquire a property located at 24505 Barrett Road in Olmsted Township (the Property). The Property which is located near Cleveland Hopkins Airport is owned by Fouad, Inc.—a corporation.[2]

---

[1] New Compl. at ¶ 42.

[2] *Id.* at ¶ 8.

Relators claim that the levels, noise, and frequency of the flights over the Property have so interfered with their use and enjoyment of the land that they amounted to an unconstitutional taking of the Property.

**B.     The Previous Action**

On October 11, 2002, Relators Susan Boggs, Fouad Rachid, and Fouad Inc. filed a mandamus action seeking to compel the City under Article I, Section 19 of the Ohio Constitution to initiate appropriation proceedings to acquire a parcel of land located near Cleveland Hopkins International Airport.[3]  Relators claimed that the level and frequency of the flights over the property so interfere with their use and enjoyment of the property that it has been taken for public use without compensation.

Fouad, Inc. purchased the property located at 24505 Barrett Road in Olmsted Township (the "Property") in 1995.[4]  Relators Susan Boggs and Fouad Rachid lived on the property.[5]  According to Relators, the Property is situated under the flight path of the airport's two runways.[6]

Relators alleged that operations at the airport have changed since 1995 such that, as opposed to when Boggs and Rachid first took up residence, the Property became

---

[3] *See* certified copy of the Complaint in the previous action (*State ex rel. Susan Boggs, et al. v. City of Cleveland*, Cuyahoga County Common Pleas Court case no. CV 02 484002. (Ex. A.)

[4] *Id.* at ¶ 4.  (Ex. A.)

[5] *Id.* at ¶ 2.  (Ex. A.)

[6] *Id.* at ¶ 7.  (Ex. A.)

2

incompatible with residential use.[7] Relators Boggs and Rachid, the residents of the Property, alleged that "[f]requent and low-level aircraft takeoffs and departures" over the Property "have interfered with and destroyed the usefulness and value of [the Property] as a residence."[8] Relators Boggs and Rachid alleged that they are bombarded by noise, dirt, unburned jet fuel and deicing fluid, and that the noise interferes with their "ability to sleep, to converse, to relax, to do anything outdoors, and to enjoy their otherwise peaceful rural horse property."[9] The airport operations were alleged to be "a direct and immediate interference with [Relators Boggs' and Rachid's] enjoyment and use of [the Property]."[10]

On November 21, 2002, The City moved to dismiss Relators Complaint, under Rule 12((B)(6) of the Ohio Rules of Civil Procedure, for failure to state a claim upon which relief can be granted. The trial court granted the City's motion on February 3, 2003 stating the following: "Plaintiff's [sic] motion to dismiss complaint for failure to state a claim upon which relief can be granted filed on 11-21-02, is granted. Final."[11]

---

[7] *Id.* at ¶ 8.  (Ex. A.)

[8] *Id.* at ¶ 10.  (Ex. A.)

[9] *Id.* at ¶ 11.  (Ex. A.)

[10] *Id.*  (Ex. A.)

[11] *See* certified copy of docket in the previous action (*State ex rel. Susan Boggs, et al. v. City of Cleveland*, Cuyahoga County Common Pleas Court case no. CV 02 484002.)  (Ex. B.)

On appeal, the 8th District Court of Appeals mistakenly dismissed the appeal, sua sponte, for lack of final appealable order.[12]  Relators never objected or moved the court to the dismissal.[13]

Upon the return of the papers to the trial court, the court clarified its previous dismissal entry with a new entry.[14]  The new journal entry dated October 15, 2003 stated the following:  "Plaintiff's [sic] motion to dismiss complaint for failure to state a claim upon which relief can be granted filed on 11-21-02, is granted.  Complaint is dismissed with prejudice."[15]  Relators did not appeal from that order.[16]

Since this action was previously filed in the Cuyahoga County Court of Common Pleas and dismissed with prejudice, Relators' current Complaint is barred by the doctrine of res judicata.

## II.   LAW AND ARGUMENT

In reviewing a motion to dismiss for failure to state a claim, a court must construe the complaint in a light most favorable to the plaintiff and accept the factual allegations as true.  A motion to dismiss should be granted if no relief could be provided to the

---

[12] *See* certified copy of docket in appeal from previous action (*State ex rel. Susan Boggs, et al. v. City of Cleveland*, 8th District Court of Appeals case no. CA 03 082489.)  (Ex. C.)

[13] *Id.*  (Ex. C.)

[14] *See* certified copy of docket in the previous action (*State ex rel. Susan Boggs, et al. v. City of Cleveland*, Cuyahoga County Common Pleas Court case no. CV 02 484002.)  (Ex. B.)

[15] *Id.*  (Ex. B.)

[16] *Id.*  (Ex. B.)

4

plaintiff under any set of facts that could be proved in a manner consistent with the allegations.[17]

### A.     Relators' Claims Are Barred By The Doctrine Of Res Judicata.

Relators' action should be dismissed because it is a re-filing of a litigated matter that was previously dismissed with prejudice.

In determining whether to accord a state court's final judgment preclusive effect, federal courts apply the rendering state's preclusion law.[18]

Under Ohio law, res judicata makes a final judgment between parties conclusive as to all claims that were litigated or that could have been litigated in that action.[19] The doctrine requires a plaintiff to "present every ground for relief in the first action, or be forever barred from asserting it."[20] Res judicata applies to any claim that meets the following elements: 1) the plaintiff brought a previous action against the same defendant; 2) there was a final judgment on the merits of the previous action; and 3) the new claim was pursued in the first action, or it arises out of the same transaction that was the subject matter of the first action.[21]

---

[17] *Pfennig v. Household Credit Servs., Inc.*, 295 F.3d 522 (6th Cir. 2002); *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002), *cert. denied*, 123 S.Ct. 550 (2002).

[18] *See Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81, 104 S.Ct. 892 (1984) (finding that the preclusive effect in federal court of a state-court judgment is determined by Ohio law.)

[19] *Grava v. Parkman Twp.* (1995), 73 Ohio St.3d 379, 382, 653 N.E.2d 226.

[20] *Id.*

[21] *Smith v. Bd. of Cuyahoga Cty. Commrs.,* Cuyahoga App. No. 86482, 2006-Ohio-1073, at ¶ 16-18.  (Attached.)

Here, Relators' claim is barred by res judicata because it meets all three elements above.

### 1. Relators brought a previous action against the City.

Relators Susan Boggs, Fouad Rachid, and Fouad Inc. previously sought a mandamus action seeking to compel the City under Article I, Section 19 of the Ohio Constitution to initiate appropriation proceedings to acquire a parcel of land located near Cleveland Hopkins International Airport.[22] Relators claimed that the level and frequency of the flights over the property located at 24505 Barrett Road in Olmsted Township so interfere with their use and enjoyment of the property that it has been taken for public use without compensation.[23]

### 2. There was a final judgment on the merits in the previous action.

Relators' previous action was dismissed by the trial court, under Rule 12(B)(6) of the Ohio Rules of Civil Procedure, for failure to state a claim upon which relief can be granted.

In Ohio, under Civ. R. 41(B)(3), an involuntary dismissal under Ohio Civ. R. 12(B)(6) is a dismissal with prejudice unless the court states otherwise in its dismissal order.[24] When the trial court's order of dismissal does not specify it was without prejudice, it constitutes an adjudication on the merits.[25]

---

[22] *See* certified copy of the Complaint in the previous action (*State ex rel. Susan Boggs, et al. v. City of Cleveland*, Cuyahoga County Common Pleas Court case no. CV 02 484002.) (Ex. A.)

[23] *Id.* (Ex. A.)

[24] *See State ex rel. O'Donnell v. Vogelgesang* (1993), 91 Ohio App.3d 585, 588, 632 N.E.2d 1367 ("The Supreme Court's entry of dismissal [under Civ. R. 12(B)(6)] fails to

In its February 3, 2003 order granting the City's motion to dismiss, the trial court in the previous case did not specify whether the dismissal was with or without prejudice.[26] The court's entry simply stated the following: "Plaintiff's [sic] motion to dismiss complaint for failure to state a claim upon which relief can be granted filed on 11-21-02, is granted.  Final."[27]  Since the court did not stipulate in its entry that the dismissal was without prejudice, under Civ. R. 41(B)(3) and applicable case law, that dismissal constituted an adjudication on the merits.

Thus, there was a final adjudication on the merits in the previous case.

### 3. The new claim was pursued in the first action, or it arises out of the same transaction that was the subject matter of the first action.

---

specify that it constitutes anything but an adjudication on the merits.  Therefore, pursuant to Civ. R. 41(B)(3), the Supreme Court's entry of dismissal of appellant's first mandamus complaint operates as an adjudication on the merits"); *Mayrides v. Franklin Cty. Prosecutor's Office* (1991), 71 Ohio App.3d 381, 383, 594 N.E.2d 48 ("Like dismissals under Civ. R. 41[B][1], a dismissal under Civ. R. 12[B][6] operates as an adjudication on the merits.  Civ. R. 41[B][3].")

[25] *Cairns v. Ohio Savings Bank* (1996), 109 Ohio App.3d 644, 650-51, 672 N.E.2d 1058 (8th District Court of Appeals holding that a dismissal entry under Rule 12(B)(6) that does not specify whether it is with or without prejudice "constituted an adjudication on the merits"); *Hughes v. Cleveland* (May 9, 1996), Cuyahoga App. No. 68869, 1996 WL 239868 at * 2 ("the court's order which specifically dismissed 'Hughes I' pursuant to Civ.R. 12(B)(6) did not specify that it was otherwise than on the merits.  Hence, such dismissal operates as an adjudication on the merits.  See Civ.R. 41(B)(3).")  (Attached.)

[26] *See* certified copy of docket in the previous action (*State ex rel. Susan Boggs, et al. v. City of Cleveland*, Cuyahoga County Common Pleas Court case no. CV 02 484002.)  (Ex. B.)

[27] *Id.*  (Ex. B.)

The claims that Relators assert in their current action are claims that they either pursued in the first action or that arose from the same transaction and that they could have litigated in the first action.

Relators' new claim seeks to compel the City to acquire the property located at 24505 Barrett Road, Olmsted Township, Ohio because the level and frequency of the flights over the property have deprived them of the use and enjoyment of the property and effectively taken it from them without just compensation.[28] Relators claim that they are entitled to the relief they request "under the 5th Amendment to the United States Constitution, the Ohio Constitution, and other applicable laws."[29] Relators also claim that, in addition to the interference with their rights caused by the frequency of flights above the property, their rights of enjoyment are also impacted by the alleged environmental pollution caused by the increased air traffic.[30] All of these claims however—with the exception of the federal taking claim under the 5th Amendment to the U.S. Constitution—were claims that Relators raised in the previous action as a result of alleged increased air traffic over the same property.

In that action, Relators sought to compel the City to acquire the same property located at 24505 Barrett Road, Olmsted Township because the alleged noise, dirt, unburned aircraft fuel, and deicing fluids from the air traffic over the property interfere

---

[28] New Compl. at ¶¶ 5, 13, 16, 22.

[29] *Id.* at ¶ 42.

[30] *Id.* at ¶ 37.

with Relators' enjoyment and use of the land.  Relators claimed that they were entitled to relief under Ohio law for Cleveland's alleged taking of the property.[31]

Though Relators did not argue in the previous action that their rights guaranteed by the 5th Amendment to the United States Constitution were violated, that ground for relief was certainly available to them when they filed their first action and they could or should have raised it then.  Res judicata will attach to that ground for relief as well.[32]

Thus, Relators' had previously pursued the new claim in the first filing and the new complaint arises from the same transaction that was the subject matter of the first action.

### III.   CONCLUSION

Res judicata applies to Relators' claims because: 1) Relators brought a previous action against the City; 2) there was a final judgment on the merits of the previous action; and 3) the current claim was pursued in the first action, and arose out of the same transaction that was the subject matter of the first action.

---

[31] *See* certified copy of the Complaint in the previous action (*State ex rel. Susan Boggs, et al. v. City of Cleveland*, Cuyahoga County Common Pleas Court case no. CV 02 484002) at ¶ 13.  (Ex. A.)

[32] *Grava v. Parkman Twp.* (1995), 73 Ohio St.3d 379, 382, 653 N.E.2d 226 (res judicata makes a final judgment between parties conclusive as to all claims that were litigated or that could have been litigated in that action.)

        Respectfully submitted,

        Robert J. Triozzi (0016532)
        Director of Law

By:    <u>s/ Joseph G. Hajjar</u>
        Thomas J. Kaiser (0014339)
        Chief Trial Counsel
        Joseph G. Hajjar (0070039)
        Assistant Director of Law
        City of Cleveland, Department of Law
        601 Lakeside Avenue, Room 106
        Cleveland, Ohio  44114-1077
        Tel:   (216) 664-2800
        Fax:   (216) 664-2663
        E-mail:  tkaiser@city.cleveland.oh.us
                jhajjar@city.cleveland.oh.us

        Attorneys for Respondent City of Cleveland

**CERTIFICATE OF SERVICE**

I certify that on March 31, 2009, a copy of this Brief in Support was filed electronically. Notice of this filing will be sent by operation of this Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Joseph G. Hajjar
Joseph G. Hajjar
One of the Attorneys for Respondent City of Cleveland
