IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| STATE EX REL. SUSAN BOGGS, *et al.*, ) | CASE NO. 1:08 CV 2153 |
| ) | |
| Relators, ) | JUDGE DAN A. POLSTER |
| ) | |
| v. ) | **RESPONDENT'S REPLY** |
| ) | **BRIEF IN SUPPORT OF** |
| CITY OF CLEVELAND, ) | **ITS MOTION TO DISMISS** |
| ) | |
| Respondent. ) | |

Respondent City of Cleveland respectfully submits this reply brief in support of its motion to dismiss.

**I.     INTRODUCTION**

This Court should grant the City's Motion to Dismiss because, the Relators brought a previous action against the City and contrary to Relators' arguments, 1) the previous action was dismissed *on the merits* as to all Relators, and 2) the new claim against the City *was* pursued in the first action or arises out of the *same* transaction that was the subject matter of the first action.

**II.    ARGUMENTS**

    **A.     Relators Brought A previous Action Against The City.**

The City argued in its Motion to Dismiss—and Relators agree—that Relators brought a previous action against the City.  Thus "the first element of res judicata has been established."[1]

---

[1] *See* Relators' Brief in Opposition (ECF 18 at p. 3 of 11.)

### B. The Claims Of All Relators Were Dismissed With Prejudice In The Earlier Action.

The City argued in its motion to dismiss that there was a final judgment on the merits in the earlier action, as to all Relators, because under Ohio Civ. R. 41(B)(3), an involuntary dismissal for failure to state a claim under Ohio Civ. R. 12(B)(6) is a dismissal *with prejudice* unless the court states otherwise in its dismissal order.[2] And when the trial court's order of dismissal does not specify it was without prejudice, it constitutes an adjudication on the merits.[3]

Relators concede in their Brief in Opposition that the dismissal of Fouad, Inc. was *with* prejudice,[4] but insist that the dismissal of Susan Boggs and Fouad Rachid's claims was not. Relators are mistaken as to the nature of Susan Boggs and Fouad Rachid's dismissal.

---

[2] *See State ex rel. O'Donnell v. Vogelgesang* (1993), 91 Ohio App.3d 585, 588, 632 N.E.2d 1367 ("The Supreme Court's entry of dismissal [under Civ. R. 12(B)(6)] fails to specify that it constitutes anything but an adjudication on the merits. Therefore, pursuant to Civ. R. 41(B)(3), the Supreme Court's entry of dismissal of appellant's first mandamus complaint operates as an adjudication on the merits"); *Mayrides v. Franklin Cty. Prosecutor's Office* (1991), 71 Ohio App.3d 381, 383, 594 N.E.2d 48 ("Like dismissals under Civ. R. 41[B][1], a dismissal under Civ. R. 12[B][6] operates as an adjudication on the merits. Civ. R. 41[B][3].")

[3] *Cairns v. Ohio Savings Bank* (1996), 109 Ohio App.3d 644, 650-51, 672 N.E.2d 1058 (8th District Court of Appeals holding that a dismissal entry under Rule 12(B)(6) that does not specify whether it is with or without prejudice "constituted an adjudication on the merits"); *Hughes v. Cleveland* (May 9, 1996), Cuyahoga App. No. 68869, 1996 WL 239868 at * 2 ("the court's order which specifically dismissed 'Hughes I' pursuant to Civ.R. 12(B)(6) did not specify that it was otherwise than on the merits. Hence, such dismissal operates as an adjudication on the merits. See Civ.R. 41(B)(3).") (Attached.)

[4] Relators' Brief in Opposition (ECF 18 at p. 4 of 11) ("the validity of [the trial court order dated 10/15/2003 in which the court clarified that its previous dismissal order was intended to be *with prejudice*] is obviously questionable. In any case, Fouad, Inc. did not appeal the decision. The second element of res judicata is established as to Fouad, Inc., the owner of the property.")

The trial court in the earlier case dismissed *all of Relators' claims* against the City with prejudice. In its journal entry dated February 3, 2003 granting the City's motion to dismiss, the court did not specify whether the dismissal was with or without prejudice. The journal entry simply stated the following: "Plaintiff's [sic] motion to dismiss complaint for failure to state a claim upon which relief can be granted filed on 11-21-02, is granted. Final."[5] Since the court did not stipulate in its entry that the dismissal was without prejudice, under Civ. R. 41(B)(3) and applicable case law, that dismissal constituted an adjudication on the merits.

On appeal, the 8th district Court of Appeals misinterpreted the entry as a dismissal without prejudice and dismissed the case for lack of final appealable order. Upon the return of the case to the trial court's docket, the trial court clarified its earlier order in a subsequent journal entry, dated October 15, 2003, that stated the following: "Plaintiff's [sic] motion to dismiss complaint for failure to state a claim upon which relief can be granted filed on 11-21-02, is granted. Complaint is dismissed with prejudice."[6] None of the Relators appealed this subsequent order.

Relators Susan Boggs and Fouad Rachid now argue that their dismissal in 2003 was without prejudice because they were dismissed for lack of standing. Even if Susan Boggs and Fouad Rachid's were correct in arguing that dismissals for standing are not an adjudication on the merits—a proposition that the City strongly disputes—their dismissal

---

[5] *See* certified copy of docket in the previous action (*State ex rel. Susan Boggs, et al. v. City of Cleveland*, Cuyahoga County Common Pleas Court case no. CV 02 484002.) (Ex. B to City's Motion to Dismiss)

[6] *Id.* (Ex. B to City's Motion to Dismiss.)

3

in the earlier case now has the effect of a dismissal *on the merits* because they failed to appeal the lower court's order.

A failure to appeal a judgment, albeit an erroneous one, renders that judgment final.[7] Accordingly, under the doctrine of res judicata that judgment bars the assertions of Relators' claims in a subsequent action.[8]

Like Fouad, Inc., Susan Boggs and Fouad Rachid also did not appeal what Realtors describe as the "questionable" order of the trial court in the earlier case. Yet, while Fouad, Inc., correctly concedes that its failure to appeal the "questionable" order rendered that order a final decision on the merits as to its claims,[9] Susan Boggs and Fouad Rachid are less forthcoming.

But whether the trial court's order was erroneous, it has become final when Susan Boggs and Fouad Rachid chose not to appeal it.

Thus there was a final judgment on the merits in the previous action as to all Relators.

---

[7] *See Mason v. GFS Leasing and Management* (Feb. 7, 2002), Cuyahoga App. No. 79536, 2002 WL 192097, at *3 (finding that when plaintiff-appellant failed to appeal a clearly "*erroneous judgment*" in an earlier case, "the *final* judgment [in the earlier case] bars the assertion of appellant's claims in the [subsequent action.]")  (Emphasis added.) (Attached.)

[8] *Id.*

[9] *See* Relators' Brief in Opposition (ECF 18 at p. 4 of 11) ("the validity of [the trial court order dated 10/15/2003 in which the court clarified that its previous dismissal order was intended to be *with prejudice*] is obviously questionable.  In any case, Fouad, Inc. did not appeal the decision.  The second element of res judicata is established as to Fouad, Inc., the owner of the property.")

      **C.    The New Claim Was Pursued In The First Action Or It Arises Out Of The Same Transaction That Was The Subject Matter Of The First Action.**

Relators seek to escape the application of res judicata to their current action by characterizing the runway expansions as a new transaction. That characterization is misleading.

Since the filing of their first action, Relators have consistently maintained that the property was effectively taken by the operation of the airport. The underlying transaction that allegedly resulted in a taking of the subject property is the alleged "dramatic" increase in the level and frequency of flights over the property "since 1995, after Plaintiffs-Relators purchased their home on Barrett Road."[10] It is those alleged change to flights' frequency and pattern that "have interfered with and destroyed the usefulness and value of [the Property] as a residence."[11] As a result of those changes, as opposed to when they first took up residence, Relators, became bombarded by noise, dirt, unburned jet fuel and deicing fluid, and the noise interfered with their "ability to sleep, to converse, to relax, to do anything outdoors, and to enjoy their otherwise peaceful rural horse property."[12] The change in airport operations allegedly resulted in "a direct and immediate interference with [Relators] enjoyment and use of [the Property]."[13]

---

[10] *See* certified copy of the Complaint in the previous action (*State ex rel. Susan Boggs, et al. v. City of Cleveland*, Cuyahoga County Common Pleas Court case no. CV 02 484002 at ¶ 8. (Ex. A. to City's Motion to Dismiss.)

[11] *Id.* at ¶ 10. (Ex. A. to City's Motion to Dismiss.)

[12] *Id.* at ¶ 11. (Ex. A. to City's Motion to Dismiss.)

[13] *Id.* (Ex. A. to City's Motion to Dismiss.)

The runway expansion is not a new transaction. It is part and parcel to the airport operations that Relators allege have already deprived them of the use and enjoyment of the property.

Relators made specific references to the runway expansion in their original complaint.[14] Relators anticipated when they filed they original action that with the ongoing runway expansion, "moving the end of the runways closer to Plaintiffs-Relators and members of the class means all landing aircraft will be closer to the ground over their property that thy are now."[15] They even asserted that the airplanes "will be about 200 feet lower one mile from touchdown, and will be skimming the treetops as they pass over Plaintiffs-Relators residence."[16] Relators further claimed in their original action that "it is undeniable that Plaintiffs-Relators' property will be in a noise contour above 75Ldn as soon as the runways are completed…. Their property will be only about 500 hundred [sic] feet from the runway protected zone ("RPZ") of runway 5R-23L, and about 1,200 feet from the RPZ of runway 5L-23R."[17]

Relators' new claim simply echoes the same allegations made in the earlier filing. The only new cause of action raised by Relators in the new action is the alleged deprivation of rights guaranteed by the 5th Amendment to the United States Constitution were violated. That ground for relief however, was certainly available to them when they

---

[14] *Id*. at ¶¶ 21-22. (Ex. A. to City's Motion to Dismiss.)

[15] *Id*. at 21. (Ex. A. to City's Motion to Dismiss.)

[16] *Id*. (Ex. A. to City's Motion to Dismiss.)

[17] *Id*. at 22. (Ex. A. to City's Motion to Dismiss.)

filed their first action and they could or should have raised it then. Res judicata will attach to that ground for relief as well.[18]

Therefore, and contrary to Relators' arguments, the new complaint arises from the same transaction that was the subject matter of the first action.

### III. CONCLUSION

Since all the elements of res judicata are met, this court should grant the City's motion to dismiss.

> Respectfully submitted,
>
> Robert J. Triozzi (0016532)
> Director of Law
>
> By: s/ Joseph G. Hajjar
> Thomas J. Kaiser (0014339)
> Chief Trial Counsel
> Joseph G. Hajjar (0070039)
> Assistant Director of Law
> City of Cleveland, Department of Law
> 601 Lakeside Avenue, Room 106
> Cleveland, Ohio  44114-1077
> Tel:   (216) 664-2800
> Fax:   (216) 664-2663
> E-mail:  tkaiser@city.cleveland.oh.us
>          jhajjar@city.cleveland.oh.us
>
> Attorneys for Respondent City of Cleveland

---

[18] *Grava v. Parkman Twp.* (1995), 73 Ohio St.3d 379, 382, 653 N.E.2d 226 (res judicata makes a final judgment between parties conclusive as to all claims that were litigated or that could have been litigated in that action.)

## CERTIFICATE OF SERVICE

I certify that on May 15, 2009, a copy of this Reply Brief was filed electronically.

Notice of this filing will be sent by operation of this Court's electronic filing system.

Parties may access this filing through the Court's system.

s/ Joseph G. Hajjar<br>
Joseph G. Hajjar<br>
One of the Attorneys for Respondent City of Cleveland